OPINION
Defendant-appellant, Julius Mosby, appeals the denial of his motion to withdraw his guilty plea. As his sole assignment of error, appellant claims the trial court erred in failing to conduct a hearing on the motion.
The state filed a bill of information charging appellant with aggravated burglary and felonious assault. In exchange for a guilty plea on these charges, the state agreed not to file additional rape and kidnapping charges stemming from appellant's conduct.
During a plea hearing, the trial court conducted a complete examination in compliance with Crim.R. 11 to ascertain whether appellant was knowingly, intelligently and voluntarily waiving his constitutional and statutory rights. The trial court accepted appellant's plea and continued the matter for sentencing.
Appellant's family subsequently retained new counsel for appellant who filed the motion to withdraw the guilty plea two days before the scheduled sentencing hearing. During the sentencing hearing, the court entertained arguments from appellant's counsel on the motion to withdraw. Counsel suggested that appellant did not understand the consequences of his guilty plea, and felt he had no choice but to follow his prior attorney's advice without making an independent judgment. In response, the state emphasized that in exchange for appellant's plea, it had agreed to waive prosecution of additional felony charges.
The trial court observed that there was nothing to suggest that appellant had not knowingly, voluntarily and intelligently entered his plea. The court denied appellant's motion and proceeded with sentencing.
Crim.R. 32.1 states that: "a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended[.]" In construing Crim.R. 32.1, the supreme court has stated that a "presentence motion to withdraw a guilty plea should be freely and liberally granted."State v. Xie (1992), 62 Ohio St.3d 521, 527. However, a defendant "does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. Rather, a court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea" prior to sentencing. Id.
Appellant argues that like the accused in Xie, he, too, should have been afforded a separate hearing on his motion. "However, neither the language of the rule, case law, nor common sense mandate an oral or even an evidentiary hearing in every case."Lorain v. Price (Oct. 2, 1996), Lorain App. No. 96CA006314, 1996 WL 556916 at *2, unreported (citations omitted). "To be sure, an oral or evidentiary hearing may be useful in certain factual circumstances; but it is not always required. See Crim.R. 47. Rather, the nature and extent of the hearing is dependent on the particular allegations in an accused's motion and is committed to the sound discretion of the trial court." Id.
In the case at bar, the trial court conducted a thorough examination under Crim.R. 11 at the time appellant entered his guilty plea. Furthermore, the court permitted appellant's new counsel to present arguments prior to sentencing in support of the motion to withdraw the plea. The record demonstrates that appellant understood the consequences of his plea, avoided additional felony charges by entering the plea, and provided no meritorious defense to the charges contained in the bill of information.
We accordingly conclude that the trial court did not abuse its discretion in failing to conduct a separate and formal hearing on appellant's Crim.R. 32.1 motion. The assignment of error is overruled and the judgment of the trial court is hereby affirmed.
WALSH and VALEN, JJ., concur.